| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>Arapahoe County Justice Center<br>7325 S. Potomac Street<br>Centennial, CO  80112<br>Telephone:  303-649-6355 | DATE FILED: June 5, 2014 2:38 PM<br>FILING ID: A7ED7197E0F34<br>CASE NUMBER: 2014CV31522 |
| COLORADO HOSPITALITY SERVICES, INC. d/b/a PEORIA HOSPITALITY, LLC., a Colorado company,<br><br>Plaintiff,<br><br>v.<br><br>OWNERS INSURANCE COMPANY, an Ohio company,<br><br>Defendant. | COURT USE ONLY<br>_____<br>Case Number<br><br>Div. |
| Marie E. Drake, Atty. Reg. No. 30754<br>Angela M. Schmitz, Reg. No. 42065<br>THE DRAKE LAW FIRM, P.C.<br>1621 18th Street, Suite 260<br>Denver, Colorado  80202<br>Telephone:  (303) 261-8111<br>Facsimile:  (303) 261-8199<br>E-Mail: marie@thedrakelawfirm.com<br>         angie@thedrakelawfirm.com | |
| **COMPLAINT AND DEMAND FOR JURY TRIAL** | |

Plaintiff, Colorado Hospitality Services, Inc. d/b/a Peoria Hospitality, LLC, by and through its attorneys, The Drake Law Firm, P.C., submits its Complaint against Owners Insurance Company, and in support of its Complaint, states as follows:

## GENERAL ALLEGATIONS

1.      At all relevant times hereto, Plaintiff, Colorado Hospitality Services, Inc. d/b/a Peoria Hospitality, LLC ("Peoria Hospitality") is and has been a Colorado limited liability company operating the Timbers Hotel located at 4411 Peoria Street Denver Colorado 80239.

2.      At all relevant times hereto, Defendant, Owners Insurance Company ("Owners"), a member of the Auto-Owners Insurance Group, is and has been a foreign corporation authorized to do business in the State of Colorado.

3.      Venue is proper pursuant to C.R.C.P. 98 in the District Court in and for the County of Denver.

# FIRST CLAIM FOR RELIEF:
## (Breach of Contract)

4. Peoria Hospitality incorporates its allegations set forth in Paragraphs 1 through 3 of this Complaint as if fully restated here.

5. Owners issued a commercial insurance policy that provided property insurance coverage to Peoria Hospitality, Policy Number 104632-74027055-11, ("the Policy") for Peoria Hospitality's premises located at 4411 Peoria Street Denver Colorado 80239, effective August 1, 2011 to August 1, 2012. A copy of the Policy is attached hereto as Exhibit 1.

6. Under the Policy, Owners agreed to pay for covered direct physical loss of or damage to Peoria Hospitality's covered property caused by or resulting from risks of direct physical loss, unless otherwise limited or excluded, and to pay all amounts owed for such losses.

7. Peoria Hospitality paid the premiums due on the Policy in a timely manner, and performed all duties and responsibilities required of it under the Policy, or alternatively, has been excused from performance by Owners' acts, representations, and/or conduct.

8. On or around June 6, 2012, Peoria Hospitality's insured premises sustained direct physical loss of or damage to its insured property caused by or resulting from a covered risks of direct physical loss; namely, a hail storm (hereafter "the Loss").

9. The Policy was in full force and effect at the time of the Loss.

10. Peoria Hospitality promptly notified Owners, and submitted a claim, Number 74-5361-2012, to Owners for insurance benefits due under the Policy for the Loss and fulfilled all other duties required of it under the Policy.

11. On March 18, 2012, Eberl Claims Service inspected the insured premises.

12. Based on its inspection, Eberl Claims Service estimated the replacement cost value of the Loss at $52,231.13.

13. On June, 10, 2013, Owners made an ACV payment of $23,777.53, reflecting depreciation of $23,453.60 and the deductible of $5,000.

14. Peoria Hospitality hired a public adjuster, Mike Lindhurst of C3 Group, Inc., to assist it with adjusting the loss.

15. On behalf of Peoria Hospitality, Mr. Lindhurst submitted a claim in an amount of the Loss in excess of $1.1 million for hail damage to insured property, including but not limited to the modified bitumen roofs' surfaces, the roofs' metal roofing system, and the roofs' soft and medium gauge metal components including HVAC units, vents and flashing.

16. When the parties could not agree on the amount of the loss or the value of the property, Peoria Hospitality demanded an appraisal of the loss, as provided under the Policy.

17.     The parties remain in appraisal and have been unable to resolve their dispute.

18.     Owners' denial of coverage for the full amount of the Loss constituted a wrongful failure to provide its insured the full benefits due under the Policy and amounted to a breach of the Policy.

19.     This breach of the insurance contract was and is the direct cause of damage to Peoria Hospitality, including, without limitation:

> a.  Loss of Policy benefits owed to indemnify him for the entire loss;
>
> b.  Costs to repair, restore and/or replace the significant property damage, and future costs to remediate such damage;
>
> c.  Incidental and consequential damages, within the contemplation of the parties in the event of breach; and/or;
>
> d.  Other expenses incurred as a result of Owner's breach of its contractual obligations including costs and fees.

20.     Plaintiff Colorado Hospitality Services, Inc. d/b/a Peoria Hospitality, LLC is entitled to judgment in its favor and against Defendant, Owners Insurance Company, on its First Claim for Relief for compensatory damages for its losses, including prejudgment interest; costs and reasonable attorneys' fees in accordance with applicable law.

## SECOND CLAIM FOR RELIEF:
### (Common Law Bad Faith)

21.     Peoria Hospitality incorporates its allegations set forth in Paragraphs 1 to 20 of this Complaint as if fully restated here.

22.     Under Colorado law, an insurer owes its insured the duty of good faith and fair dealing.

23.     An insurer breaches its duty of good faith and fair dealing when it engages in any of the following conduct:

> a.  Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue and the appraisal process;
>
> b.  Failing to adopt and implement reasonable standards for the fair investigation of claims arising under insurance policies;
>
> c.  Refusing to pay the claim without first completing a reasonable and fair investigation based upon all available information;

  d. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

  e. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

24. Owners breached its duty of good faith and fair dealing by:

  a. Misrepresenting pertinent facts regarding the scope and amount of the loss and misrepresenting policy provisions related to coverage at issue by adopting inconsistent and baseless coverage positions;

  b. Failing to conduct a fair and thorough investigation of Peoria Hospitality's claim;

  c. Unreasonably delaying the appraisal process to force the insured to accept an unreasonably low estimate of the Loss in order to avoid ongoing damage to its property;

  d. Waiting until Peoria Hospitality demanded appraisal to conduct a full and fair claim investigation;

  e. Compelling Peoria Hospitality to institute appraisal proceedings to recover amounts due under the insurance policy by offering substantially less than the amounts owed.

  f. Forcing Peoria Hospitality to incur the time and expense of an appraisal proceeding simply to attempt to achieve a fair resolution of the covered claim; and

  g. Forcing Peoria Hospitality to incur the time and expense of an appraisal proceeding simply to attempt to receive a fair and unbiased investigation by Hanover.

  h. Paying less than the full amount owed in the claim thereby forcing the insured to institute litigation, and incur the fees and costs associated therewith, simply to recover what was properly owed.

25. As a direct and expected result of Defendant Owners Insurance Company's breach of its duty of good faith and fair dealing, Peoria Hospitality has:

  a. Not received all Policy benefits owed to indemnify him for the entire loss;

  b. Incurred and will incur in the future costs to repair, restore and/or replace the significant property damage;

      c. Suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and

      d. Suffered and will continue to suffer other expenses incurred as a result of Owners' unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary to litigate.

26. Plaintiff, Colorado Hospitality Services, Inc. d/b/a Peoria Hospitality, LLC, is entitled to judgment in its favor and against Defendant, Owners Insurance Company, on its Second Claim for Relief for compensatory damages for its losses, including prejudgment interest; costs and reasonable attorneys' fees in accordance with applicable law.

## THIRD CLAIM FOR RELIEF:
### (Bad Faith Breach of an Insurance Contract)
### CRS §§ 10-3-1115 and -1116

27. Peoria Hospitality incorporates its allegations set forth in Paragraphs 1 to 26 of this Complaint as if fully restated here.

28. Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

29. In breach of its duty to Peoria Hospitality, Owners, without a reasonable basis, delayed and denied benefits owed to Peoria Hospitality by engaging in the following conduct:

      a. Misrepresenting pertinent facts regarding the scope and amount of the loss and misrepresenting policy provisions related to coverage at issue by adopting inconsistent and baseless coverage positions;

      b. Failing to conduct a fair and thorough investigation of Peoria Hospitality's claim;

      c. Unreasonably delaying the appraisal process to force the insured to accept an unreasonably low estimate of the Loss in order to avoid ongoing damage to its property;

      d. Waiting until Peoria Hospitality demanded appraisal to conduct a full and fair claim investigation;

      e. Compelling Peoria Hospitality to institute appraisal proceedings to recover amounts due under the insurance policy by offering substantially less than the amounts owed.

        f.        Forcing Peoria Hospitality to incur the time and expense of an appraisal proceeding simply to attempt to achieve a fair resolution of the covered claim; and

        g.        Forcing Peoria Hospitality to incur the time and expense of an appraisal proceeding simply to attempt to receive a fair and unbiased investigation by Hanover.

        h.        Paying less than the full amount owed in the claim thereby forcing the insured to institute litigation, and incur the fees and costs associated therewith, simply to recover what was properly owed.

30. As a direct and proximate result of Defendant Owners' actions, Peoria Hospitality has:

        a.        Not received all Policy benefits owed to indemnify him for the entire loss;

        b.        Incurred and will incur in the future costs to repair, restore and/or replace the significant property damage;

        c.        Suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and

        d.        Suffered and will continue to suffer other expenses incurred as a result of Owner's unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary incurred for litigation;

31. C.R.S. § 10-3-1116 authorizes a first-party claimant whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit.

32. Plaintiff, Colorado Hospitality Services, Inc. d/b/a Peoria Hospitality, LLC, is entitled to judgment in its favor and against Defendant, Owners Insurance Company, on its Third Claim for Relief as authorized by applicable statutes, including prejudgment interest; reasonable attorneys' fees and costs in accordance with applicable law; court costs; and town times the covered benefit.

WHEREFORE, Plaintiff Colorado Hospitality Services, Inc. d/b/a Peoria Hospitality, LLC prays as follows:

A. On its First Claim for Relief, for judgment in its favor and against the Defendant, Owners Insurance Company, for all unpaid covered benefits owed under the Policy;

B. On its Second Claim for Relief, for judgment in its favor and against the Defendant, Owners Insurance Company, for all unpaid covered benefits owed under the Policy;

C.  On its Third Claim for Relief, for judgment in its favor and against the Defendant, Owners Insurance Company, for two times the amount of all covered benefits owed under the Policy;

D.  For judgment in its favor and against the Defendant, Owners Insurance Company for costs, expert witness fees, and attorneys' fees incurred in prosecuting the claims against Owners Insurance Company;

E.  For judgment in its favor and against the Defendant, Owners Insurance Company for other damages resulting from Owners Insurance Company's bad faith, including out-of-pocket expenses, costs of ongoing damages, and exemplary damages resulting from Owners Insurance Company's bad faith refusal to pay for the full loss and damage to Peoria Hospitality's property, both real and personal;

F.  For judgment in its favor and against the Defendant, Owners Insurance Company for pre- and post-judgment interest; and

G.  For any further relief deemed appropriate by the Court.

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Dated this 4th day of June, 2014

Respectfully submitted,

THE DRAKE LAW FIRM, P.C.

*s / Marie E. Drake*
Marie E. Drake, Reg. No. 30754
The Drake Law Firm, P.C.
1621 18th Street, Suite 260
Denver, CO  80202
Telephone:  303-261-8111
Fax:  303-261-8199

Plaintiff's Address:
4411 Peoria Street
Denver Colorado 80239