IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil action no: 1:14-cv-01859-RBJ

COLORADO HOSPITALITY SERVICES INC.,
a Colorado company d/b/a Peoria Hospitality, LLC;
Plaintiff

vs.

OWNERS INSURANCE COMPANY, an Ohio company;
Defendant

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

Plaintiff, Colorado Hospitality Services Inc., by and through its attorneys, replies to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment, and in support thereof, states as follows:

I. **Discussion of Defendant's Arguments**

   A. **Admissibility Issues with Movant's Statement of Undisputed Material Facts**

Defendant does not appear to dispute any of Plaintiff's facts. Instead, Defendant argues that several facts are inadmissible, and cannot support a motion for summary judgment. That is not the standard in Federal Rule of Civil Procedure 56(c)(1). It provides:

> Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, *documents, electronically stored information*, affidavits or declarations, stipulations (including those made for purposes of

> the motion only), *admissions, interrogatory answers, or other materials*; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or *that an adverse party cannot produce admissible evidence to support the fact*.

Fed. R. Civ. P. 56(c)(1) (emphasis added). All of Plaintiff's facts are supported by materials permitted by Rule 56(c)(1). In addition, Plaintiff can produce admissible evidence to support each of its facts, as described below:

- **Statement No. 1:** The undersigned inadvertently referred to Defendant as "Auto Owners" rather than "Owners" in its Motion for Partial Summary Judgment. Defendant is, of course, Owners Insurance Company. Auto Owners is the parent company to subsidiary Owners Insurance Company. The undersigned regrets any confusion this may have caused. In any case, Doc. 32-4 indicates Plaintiff was covered by an Owners policy. To the hearsay objection, Plaintiff responds that this is an admission of party-opponent.

- **Statement No. 4:** The statement contends only that Mr. Rahmani reported a June 6, 2012 hail loss to his insurance agent. Defendant does not appear to dispute this. Plaintiff can support this fact with testimony from Mr. Rahmani, Ms. Ellis, and/or Ms. Alexander.

- **Statement No. 5:** Testimony from Kris Stoppenhagen can lay the foundation for admission of his report as a business record. This is also an adopted admission by Defendant.

- **Statement No. 7:** Plaintiff can support this fact with testimony from Michael Sankey; any hearsay objection is easily overruled as this is an admission of party-opponent.

- **Statement No. 8:** Testimony from Mark Burns can lay the foundation for admission of his report as a business record. This is also an adopted admission by Defendant.

- **Statement No. 9:** Same as Statement No. 8.

- **Statement No. 11:** Testimony from Robert Lawson can lay the foundation for admission of his report as a business record. This is also an adopted admission by Defendant.

- **Statement No. 13:** Plaintiff can support this fact with testimony from Michael Sankey; any hearsay objection is easily overruled as this is an admission of party-opponent.

- **Statement No. 14:** Same as Statement No. 13.

- **Statement No. 16:** Plaintiff can support this fact with testimony from Michael Weiland and Michael Lindhurst. Any hearsay objection as to Michael Weiland is easily overruled as this is an admission of party-opponent.

- **Statement No. 28:** Plaintiff can support material, or lack thereof, in the claims correspondence with testimony from Michael Sankey, Michael Weiland, or other correspondent. Any hearsay objection is easily overruled as this is an admission of party-opponent.

### B. Plaintiff's Response to Defendant's "Additional relevant facts"

Defendant has filed a Petition to Vacate Appraisal Award in Colorado state court.[1] In that Petition, Defendant argues that the Appraisal Award must be set aside due to various alleged violations of the Colorado Uniform Arbitration Act (CUAA), CRS 13-22-201 et seq. As is necessary to such an argument, Defendant contends that the

---

[1] Plaintiff intends to remove the state court action to this Court and then move for consolidation. Defendant's use of two different venues to pursue these closely related issues impedes judicial economy.

appraisal clause in the parties' contract is an arbitration clause.  This is a surprising position for Defendant to take.  The CUAA only applies to an "agreement to arbitrate".  CRS 13-23-201(a).  An "agreement to arbitrate," by definition, results in a binding decision by the arbitrator(s).  *See, e.g., Salt Lake Pub. Co., LLC v. Mgmt Planning, Inc.*, 390 F.3d 684, 689 (10th Cir. 2004).

In contrast, Defendant has consistently taken the position in this suit--in its letter denying payment of the appraisal award and its Response to the Motion at issue—that, under the terms of the policy, Defendant is not bound to pay the appraisal award.  (In its Response, Defendant merges its "this is arbitration" and "this is not binding" positions.  Recent case law from this Court rejects such a position, as discussed in Section I.C.)

Defendant further confuses the issues that are material to this Motion in its statement of "Additional relevant facts."  Doc. 36 at 4.  All of the "Additional relevant facts," while possibly relevant to a Petition to Vacate Appraisal Award, are not material to the Motion at issue here.  *See* F.R.C.P. 56(a).  Whether D has breached the parties' contract by not paying the award, and whether D is entitled to have a binding award set aside, are separate issues.  In fact, it would seem that the Petition to Vacate will not be ripe until the issue at the core of this Motion—whether the appraisal award is due to Plaintiff under the terms of the contract—is decided.[2]

Without waiving its materiality objection, Plaintiff will address some of the "Additional relevant facts" to elucidate their relationship to this Motion.

- **Statement Nos. 4, 5, and 6**: These statements either assert that "there was no hail event at the subject property," or that "there was no damaging hail."  This is

---

[2] However, if this Court should decide that the "Additional relevant facts" are material to this Motion, Plaintiff asks for an opportunity to respond to them as provided by F.R.C.P. 56(e)(1) with a supplement to this Reply.

4

disputed. It is contradicted in statements by Michael Sankey, Kris Stoppenhagen, and Robert Lawson, as cited in Plaintiff's Motion (Doc. 32). It is contradicted by Defendant's payment of $28,777.53 (ACV). *See* Doc. 32 at ¶ 13. An opinion by an expert does not create an undisputed fact.

- **Statement No. 8**: This is obviously disputed, for the reasons discussed above. Colorado Hospitality Services representatives noticed water leaks in the interior of the hotel after the June 6, 2012 storm, which they reported to Mr. Rahmani. Exhibit 1 at 3-4. Subsequent investigations by Plaintiff and Defendant revealed hail damage to the property. *Id*.

The parties' dispute about the "amount of loss" (which includes the circumstances of the loss and the extent of the loss) was precisely the reason the parties agreed to submit the issue to appraisal. The point of appraisal is to resolve such a dispute. It should be remembered that appraisal clauses are put into policies by insurers—presumably because the procedure resolves complicated factual disputes inexpensively and with finality.

### C. Scope of the Appraisal

Defendant argues that the scope of an appraisal panel's task does not include considerations of causation, such as the date of the storm. This Court recently issued a published decision on this long-contested issue. *Auto-Owners Insurance Company v. Summit Park*, --- F.Supp.3d ---- (2015) (2015 WL 1740818) involves a dispute between Defendant's parent company, Auto-Owners, and a policyholder, and interprets an

appraisal clause which is identical to the one at issue in this case. Exhibit 2 (case); *see* Exhibit 3 (appraisal clause in Summit Park policy). In *Auto-Owners*, the Court directly confronts the question of whether an appraisal panel can set the amount of loss when an insurer contends there is no loss.[3] The Court states that "the appraisers' factual determinations regarding the issues over which the policy gives them purview—the 'value of the property or the amount of loss'—including the amount of damage, if any, caused by the September 2013 storm" are binding on the parties. *Auto Owners*, --- F.Supp.3d at *3.

In *Auto Owners*, this Court has adopted Plaintiff's interpretation of the parties' contract: the appraisal panel is authorized to consider causation issues, including the date of loss and the cause of loss, and the panel's award is binding.

Defendant investigated property damage which Plaintiff believed arose from a June 6, 2012 date of loss. Through the claim investigation and appraisal process, Defendant accepted that date of loss. Defendant made a (partial) ACV payment during the claim after its investigation, thus accepting the claimed date of loss. The appraisal panel thereafter considered what damage occurred on that date and issued its award. Only after an appraisal award favoring Plaintiff was issued did Defendant raise this issue.

### D. Defendant's Attempt to Vacate the Award

---

[3] When appraisal began in this case, and indeed, when it ended, Defendant did not contend there was no loss, but had issued an ACV payment of $28,777.53. *See* Doc. 32 at ¶ 13. Apparently Defendant's appraiser in the appraisal process found some loss as well. Doc. 36-9 at 32. Defendant's contention that the property did not suffer any loss is new. In any case, that situation is addressed in *Auto-Owners*.

6

Defendant attempts to use its Response to bring before this Court a Petition to Vacate Appraisal Award which it has filed in state court. As discussed above, this issue is not before this court in this Motion, and in any event, is not yet ripe.

### E. Measure of Damages

Plaintiff acknowledges that any damages award must necessarily be reduced by amounts already paid by Defendant—viz. $28,777.53.

## II. A Finding of Waiver is Justified

Waiver is especially important in the property insurance context where, as here, the insurer has contractually shortened the statute of limitations to file a suit involving a loss to 2 years from the *discovery of the loss,* rather than the date of any accrual of a legal claim. Exhibit 4. If an insurer explicitly accepts a particular date of loss—offering at least partial payment based on that date of loss, acceding to appraisal based on that date of loss, and taking two (or more) years to do these things—the insurer cannot be permitted to make a post-appraisal assertion that it is disavowing that date of loss. The insurer has waived that argument.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiffs' Motion for Partial Summary Judgment and enter judgment for Plaintiff on Plaintiff's First Claim for Relief, Breach of Contract, and grant any other appropriate relief.

Dated this 18th day of May, 2015.

Respectfully Submitted,

THE DRAKE LAW FIRM, P.C.

*/s/ Angela M. Schmitz*
Angela M. Schmitz, Atty. Reg. 42065
The Drake Law Firm, P.C.
1600 Jackson Street, Suite 340
Golden, CO 80401
Telephone: 303-261-8111

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this 18th day of May, 2015 filed and served a copy of the above Reply, via the Court's electronic system, CM/ECF, to the following parties:

Mark Edward Honhart
Gregory Giometti
Gregory R. Giometti & Associates, P.C.
50 South Steele Street
Suite 480
Denver, CO 80209

                                            */s/ Angela Schmitz*
                                            Angela Schmitz