IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-001859-RBJ

COLORADO HOSPITALITY SERVICES INC.,
a Colorado company d/b/a Peoria Hospitality, LLC,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, an Ohio company,

    Defendant.

---

ORDER

---

Before the Court is Plaintiff's Motion to Consolidate 15cv01046-MEH with 14cv01859-RBJ [ECF No. 40]. For the reasons laid out below, the motion is granted.

## I. Background

Plaintiff Colorado Hospitality Services, Inc. ("CHS") filed the present case on June 5, 2014, alleging that Defendant Owners Insurance Company ("Owners") had failed to pay the amount owed to plaintiff on a claim stemming from hail damage that occurred on June 6, 2012. ECF No. 3. Specifically, plaintiff brought claims for breach of contract, common law bad faith, and bad faith breach of an insurance contract. *Id.* The complaint stated that CHS had demanded an appraisal of loss, pursuant to the terms of the policy, and that the appraisal process was ongoing. *Id.* at ¶¶16–17. An appraisal award was issued on January 21, 2015. ECF No. 40 at 2. On April 9, 2015, CHS filed a motion for summary judgment on its breach of contract claim—

currently pending before this Court—arguing that the appraisal award was binding and the defendant's failure to pay it constituted a breach of contract. ECF No. 32. In response, Owners argued, in part, that the arbitration award was not binding because (1) the arbitrators exceeded the agreed-upon scope of their authority in issuing it, (2) plaintiff's appraiser did not disclose his financial interest in the outcome of the proceeding or his previous relationship with CHS's representative, and (3) the award was procured by corruption, fraud, or other undue means. ECF No. 36.

Owners also filed a petition to vacate the arbitration award in state court on April 21, 2015. ECF No. 40-1. CHS subsequently removed the case to federal court. 15cv01046-MEH, ECF No. 1. In its petition, which was amended one day after the initial filing, Owners argues that the arbitration award should be vacated under Colorado's Uniform Arbitration Act because of "[the plaintiff's appraiser's] failures to disclose relevant information to Owners and its representatives, as well as the appraisal panel's actions that exceed its power." 15cv01046-MEH, ECF No. 5 at ¶25. CHS now requests that this Court consolidate the present case with 15cv01046-MEH under Federal Rule of Civil Procedure 42.

Discovery is closed and the deadline for dispositive motions has passed in the present case. Trial is scheduled to commence on July 20, 2015.

**II. Discussion**

Federal Rule of Civil Procedure 42(a)(2) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy

while providing justice to the parties." *Maiteki v. Marten Transp. Ltd.*, No. 12-CV-2021-WJM-CBS, 2014 WL 4331664, at *1 (D. Colo. Sept. 2, 2014) (internal citations and quotations omitted) (finding consolidation appropriate where "two cases involve the same nucleus of facts"). Thus, after determining if a common question of law or fact is present, the Court considers judicial economy and fairness to the parties in deciding whether to consolidate the two cases.

Here, it is clear that the two cases involve common questions of fact and law. The resolution of both actions turns in part on whether the January 21, 2015 appraisal award is enforceable, and Owners has argued in both that it is not because of (1) the partiality of CHS's appraiser and (2) the fact that the appraisers exceeded the scope of their power in issuing the award. *See* ECF No. 36; 15cv01046-MEH, ECF No. 5. Thus the two cases involve common legal questions about the enforceability of the award and common factual questions about the actions of CHS's appraiser. Moreover, the Court finds that consolidation represents a better use of judicial resources; it would make little sense for two courts to hold separate proceedings about the enforceability of the same appraisal award between the same two parties involving some of the same arguments.[1]

In evaluating fairness to the parties, the Court notes that Owners has not had the opportunity to conduct discovery in the 15cv01046-MEH case, and that the deadline to file dispositive motions in the present case has passed. Despite these concerns, the Court believes

---

[1] The Court is not persuaded by Owners' argument that the two cases deal with different portions of the policy's appraisal clause. Whether the award can be enforced is a common issue of law that should be decided in a single action. Moreover, Owners' argument ignores the fact that its response to plaintiff's summary judgment motion raises the same arguments set out in its petition to vacate.

consolidation to be the best way to proceed. However, the Court will hold a status conference to determine how to move forward with the case in light of defendant's concerns.

### III. Order

Accordingly, it is ORDERED that Plaintiff's Motion to Consolidate 15cv01046-MEH with 14cv01859-RBJ [ECF No. 40] is GRANTED. It is further ORDERED that, pursuant to Fed.R.Civ.P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. Consolidate 15cv01046-MEH and 14cv01859-RBJ shall be consolidated for all purposes. The parties are further ORDERED to promptly contact chambers to schedule a status conference.

DATED this 8th day of June, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge